# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| ORETHA YANCEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 5:17-CV-316 (MTT) |
| | ) |
| WILMINGTON TRUST, N.A., | ) |
| | ) |
| Defendants | ) |

## ORDER

Pursuant to 28 U.S.C. § 1406(a), the Court **DISMISSES** the Plaintiff's Complaint (Doc. 1) without prejudice.

The events forming the basis of the Plaintiff's complaint and motion for leave to proceed IFP appear to arise from the foreclosure of a house belonging to the Plaintiff and his wife. *See generally* Docs. 1; 2. The Plaintiff's complaint specifies the address for the house, which is in McDonough, in Henry County, Georgia. Doc. 1 at ¶ "6.7.8."[1] The Plaintiff alleges that "[s]aid property is located within this District." *Id.* The Defendant in the suit is Wilmington Trust, N.A. *Id.* at ¶¶ 9-12.

But Henry County is located in the Northern District of Georgia. The Plaintiff does not allege, nor do his allegations suggest, that any of the Defendants reside in the Middle District of Georgia. His allegations reveal that no part of the events or omissions giving rise to his claims occurred in the Middle District of Georgia, much less a substantial part. Because Henry County is located in the Northern District of Georgia,

---
[1] This unusual paragraph numbering is the Plaintiff's.

that district is the proper venue for this case. *See* 28 U.S.C. § 1391(b) (setting forth the requirements for proper venue).

Having determined that venue is improper in the Middle District of Georgia, the Court turns to whether to dismiss the complaint for improper venue or transfer it to the Northern District of Georgia. *See* 28 U.S.C. § 1406(a) ("The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."). It appears that the events underlying this case have already appeared before the Northern District of Georgia at least twice. *See Yancey v. Wilmington Trust, N.A.*, No. 1:15-cv-4441 (N.D. Ga.); *Wilmington Trust, N.A. v. Scarlett*, No. 1:15-cv-3803 (N.D. Ga.). Accordingly, the Court finds that it is not in the interest of justice to transfer the case, and the complaint (Doc. 1) is **DISMISSED without prejudice**.

**SO ORDERED**, this 31st day of August, 2017.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT
